J. WITKIN, INC., Plaintiff, Respondent, v. LOUIS DEJONGE & COMPANY, Defendant, Appellant.

Supreme Court, Appellate Term, First Department, June 3, 1924.

Motor vehicles — collision — evidence tends to show defendant's truck could not have been at point of collision — reversible error for court to exclude corroborative proof offered by defendant in form of automatic clock stamps on bills of lading.

It is reversible error on the trial of an action for damages for negligence to exclude the corroborative proof offered by the defendant in the form of automatic clock stamps on bills of lading indicating the time when defendant's truck made deliveries on the occasion in question, since the defendant contended its truck could not have been at the point of collision as claimed by the plaintiff.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, first district, in favor of plaintiff.

*Albert W. Meisel,* for the appellant.

*Feinstein & Rosenberg* (*Gustave G. Rosenberg,* of counsel), for the respondent.

*Per Curiam.* Defendant having introduced undisputed evidence tending to show that it was practically impossible for defendant's truck to be at the scene of the accident, as testified to by plaintiff's witnesses, it was reversible error for the court to exclude the corroborative proof offered by defendant in the form of automatic clock stamps on bills of lading showing the exact time defendant's truck made deliveries to carriers on the evening in question. See *Barker v. New York Central Railroad Co.,* 24 N. Y. 599, 602.

Judgment reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, GUY, GAVEGAN and MITCHELL, JJ.

Judgment reversed and new trial ordered.